552 A.2d 1299

In re ADOPTION NO. 147 IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY.

No. 59, Sept. Term, 1988.

Court of Appeals of Maryland.

Feb. 10, 1989.

Mark R. Thompson (Boyland & Thompson, on brief), Silver Spring, for appellant.

Nancy B. Shuger, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, amicus curiae, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

McAULIFFE, Judge.

We granted certiorari in this case to consider questions relating to the right of an adopted person to obtain information from the sealed file of her adoption case. Because our inspection of the case file reveals that it does not pertain to petitioner's adoption, we do not reach all of the important questions involved.

Petitioner, who is a married adult with four children, filed a "Petition for Access to Information" in Adoption Equity No. 147 of the Circuit Court for Montgomery County. She set forth her date of birth (as known to her) and other identifying information, the names of her adoptive parents, and her belief that she had been adopted within three years of her birth. She alleged that both her adoptive parents were dead; that she knew nothing about her natural parents or their families, notwithstanding several years of extensive efforts to discover some basic information about them; and, that this lack of information had caused psychological repercussions including a sense of "genealogical bewilderment" and the inhibition of the "development of a complete sense of identity." She did not ask that the adoption file be made available to her for inspection, but rather, that she be given certain information which she characterized as not indicative of the location or identity of her natural parents. Specifically, she requested the following:

1) Time, day, month, and year of her birth;

2) Day, month, and year of her adoption;

3) The precise location of her birth;

4) Any information regarding siblings, including first names;

5) Any information regarding the nationality, occupational history, or educational history of her natural parents;

6) Any information regarding her natural parents' reasons for relinquishing custody;

7) Any other information contained in the file which will *not* reveal the location or identity of her natural parents, but bears on Petitioner's background.

Petitioner also referred to the establishment of a Mutual Consent Voluntary Adoption Registry in Maryland[1] and asked that the court appoint an "investigator/intermediary" to determine, at petitioner's expense, the whereabouts of her natural parents and her siblings, if any, to "inquire as to willingness" to register, and thereby perhaps to provide her with the information she sought. She also asked that the intermediary be given access to the file in Adoption Equity No. 147.

Later, petitioner filed two reports in support of her petition. The first, from a psychologist specializing in marital and family therapy, stated that because petitioner's adoption records were sealed "her journey to find self has been blocked." He continued:

This is an enormous psychological disservice to her because she is unable to search for her true self, to know her heritage and to give to her children the complete story of their roots. It is a profound and enormous emptiness to not even be granted the right to at least check out if her parent(s) are willing to discuss themselves and her birth. As long as she is blocked from completing her search I think [petitioner] will be preoccupied with her questions and she will never know her true self.

The second report, from a licensed clinical social worker, offered the opinion that deprivation of the requested infor-

---

1. Maryland Code (1984, 1988 Cum.Supp.) §§ 5–4A–01 thru 5–4A–07 of the Family Law Article establishes a Mutual Consent Voluntary Adoption Registry within the Social Services Administration, for the stated purpose of providing for the voluntary disclosure of identifying information to natural parents, adoptees, and natural siblings (persons at least 21 years old who share one or both natural parents with an adoptee) who have registered.

mation, while unlikely to cause any emotional incapacity, would perpetuate a "significant, constant drain on [petitioner's] self-esteem and her sense of well being."

Judge John J. Mitchell denied the petition without a hearing. In his memorandum opinion and order, Judge Mitchell expressed sympathy for the petitioner's concerns, but concluded that providing the requested information to her would "by indirection" reveal the location or identity of the natural parents. He reasoned that because § 5-329(b) of the Family Law Article, Maryland Code (1984) provided that "[t]he court may not order opened for inspection any part of a record that contains any information that reveals the location or identity of the individual's natural parents," he would not grant the petition. He did not assign any further reason for denying petitioner's alternative request for the appointment of an intermediary who might locate the natural parents and facilitate their participation in the Voluntary Adoption Registry.[2] Petitioner appealed to the Court of Special Appeals and we issued a writ of certiorari on our own initiative.

The threshold problem presented to Judge Mitchell was the determination of what law applied with respect to access to the sealed adoption file. Prior to June 1, 1947, adoption decrees and the pleadings upon which they were based were not routinely placed under seal. By chapter 343 of the Acts of 1945, then codified at Art. 16, § 78A, which became effective June 1, 1945, the Legislature provided:

Records and papers in adoption proceedings, after the petition is filed and prior to the entry of a final decree,

---

2. In view of the disposition we make in this case, we are not called upon to decide the issue of the appointment of an intermediary, or whether the Social Services Administration is authorized by any of the provisions of the law establishing the Mutual Consent Voluntary Adoption Registry to initiate direct contact with the natural parent who has not registered. We note, however, that an earlier recommendation for legislation specifically authorizing judicial appointment of an intermediary, proposed by a Governor's Commission to Study Adoption Laws, has not been adopted. *See L.F.M. v. Dep't of Social Serv.*, 67 Md.App. 379, 393 n. 11, 507 A.2d 1151 (1986).

shall be open to inspection only upon an order of the court. In any adoption case where there has heretofore been an entry of a final decree or hereafter there is an entry of a final decree, the court shall, on motion of any of the parties, seal all papers in the proceedings. Said seals shall not be broken, and said papers shall not be inspected by any person, including the parties to the proceeding, except upon order of the court.

By ch. 599 of the Acts of 1947, the Legislature provided:

Records and papers in adoption proceedings, from and after the filing of the petition shall be sealed and opened to inspection only upon an order of the court; provided, that in any proceeding in which there has been an entry of a final decree before June 1st, 1947, and in which the records have not already been sealed, the records and papers shall be sealed only on motion of one of the parties to the proceeding. In either case said seals shall not be broken, and said papers shall not be inspected by any person, including the parties to the proceeding, except upon order of the court.

This Court has imposed the same requirements by rule. *See* Maryland Rule D80 c.

Special provisions governing access to sealed adoption records were first enacted by ch. 387 of the Acts of 1982, then codified at Art. 16, § 85 of the Code. Those provisions, recodified without change of substance in 1984, are now found at § 5–329 of the Family Law Article, Maryland Code (1984, 1988 Cum.Supp.), and are as follows: [3]

(a) **Court order to disclose medical information.**—(1) On petition by an adopted individual, a court shall order that part of a court record or adoption agency record containing needed medical information to be opened to inspection by the individual if the court finds that the

---

3. Additional access provisions, pertaining to medical and dental records of adopted minors, were enacted by ch. 157 of the Acts of 1988, and are codified at § 5–329.1 of the Family Law Article.

individual needs the medical information for the health of the individual or a blood relative of the individual.

(2) In the case of an adoption agency record, the court may not grant the petition unless the adoption agency has refused to release the medical information.

(b) **Limitation.**—The court may not order opened for inspection any part of a record that contains any information that reveals the location or identity of the individual's natural parents.

Petitioner contends, and the State of Maryland as amicus curiae agrees, that if the adoption decree in petitioner's case was entered after June 1, 1947, the court's discretion to grant the petitioner access to the file is controlled by § 5–329. On the other hand, if the decree was entered before June 1, 1947, the court would exercise its ordinary jurisdiction with respect to the opening of sealed records.[4]

Because the records were sealed, the petitioner was unable to determine when the decree had been entered. In any similar case, where the date of filing of the decree may be important, it would be appropriate for the trial judge to inspect the records and advise the petitioner concerning the date the decree had been entered. Here, as it turns out, the trial judge did inspect the file and, finding that the decree was entered after June 1, 1947, applied § 5–329.

The trial judge apparently did not observe, however, that which an inspection of the relevant records now makes clear to us—that Adoption Equity No. 147 has nothing to do with this petitioner or her natural parents. Petitioner sought access to case No. 147 because she had been told by the Montgomery County Department of Social Services that it

---

4. In determining what constitutes good cause for providing information from adoption files sealed before June 1, 1947, the trial court may consider current state policy as reflected by §§ 5–329 and 5–329.1 of the Family Law Article, even though those statutes do not have direct application. It may also consider the adoption of the Registry statute, which a representative of the Governor's Task Force on Adoption testified "represents a reasonable compromise between those seeking to keep adoption records closed and those wishing to have open records."

dealt with her adoption. Only after the appeal had been noted did petitioner learn that there was a separate equity case in the Circuit Court for Montgomery County that probably dealt with her adoption. We have obtained that sealed case file from the Maryland Hall of Records, and we have determined that it is indeed the file involving the petitioner's adoption. For the convenience of the petitioner, we note that the final decree in that case was entered on August 22, 1944, and also that on the same date, acting at the written request of the adoptive parents, the trial judge ordered "that said file not be opened except upon order of this court." If a future petition is filed[5] requesting information from the proper case, the pre–1947 law will, therefore, apply.

Because the petition in this case requested access to a record that has no relation to the petitioner, the trial court's order of denial must be affirmed.

JUDGMENT AFFIRMED, WITH COSTS.

---

5. Petitioner has, since this action was filed, attempted to obtain the desired information by filing with the Voluntary Adoption Registry. The Circuit Court for Montgomery County has, pursuant to § 5–4A–07(c)(2) of the Family Law Article, granted the Department of Social Services access to the correct file for the purpose of attempting to make a match or to provide matching information.